**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-20908-CIV-UNGARO/SIMONTON**

**STEPHEN A. KARAKIS,**

     **Plaintiff,**

**v.**

**AURA OF SOUTH BEACH, INC., et al.**

     **Defendants.**
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S**
**VERIFIED MOTION FOR FEES AND COSTS**

     **Presently pending before the Court is Plaintiff's Verified Motion For Fees and Costs (DE # 46).  This motion is referred to the undersigned Magistrate Judge (DE # 47).**

     **On December 1, 2009, the District Court entered a Order Granting Plaintiff's Motion For Final Default Judgment against Aura, which stated, *inter alia*, that Plaintiff was entitled to reasonable attorney's fees and costs (DE # 40).  Also on December 1, 2009, the District Court entered a Final Judgment against Aura in favor of Plaintiff, which stated, *inter alia*, that "[t]he Court shall retain jurisdiction relating to the Plaintiff's attorney's fees and costs and said motion shall be filed within 20 days of entry of this Final Judgment" (DE #  41).  Thus, Plaintiff's motion for attorney's fees and costs was due to be filed on or before December 21, 2009.  However, it was not until December 28, 2009 that Plaintiff filed the instant motion, seeking an award of $21,783.75 against the defaulted Defendant.**

     **The undersigned recommends that the District Court exercise its discretion and deny Plaintiff's motion as untimely filed. Plaintiff has not moved to file his motion out of time, and has not provided any explanation for filing his motion outside of the District**

Court's deadline.[1]  *See Environmental Biotech, Inc. v. Sibbitt Enterprises*, No. 2:03-cv-124-FtM-33SPC, 2009 WL 1653563 at *2-3 (M.D. Fla. Jun. 10, 2009) (the defendant's motion for attorney's fees, filed 154 days after judgment was entered, was denied as untimely filed, and no extension to file was allowed where the defendant presented no rationale as to why the motion was untimely filed and supplied no information which could be construed as excusable neglect).  *Accord Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001); *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645, 648-49 (11th Cir. 1990); *Florida Municipal Liability Self Insurers Program v. Mead Reinsurance Corp.*, No. 88-6427-CIV, 1993 WL 206274 (S.D. Fla. May 24, 1993); *Vanzant v. R.L. Products, Inc.*, 139 F.R.D. 435 (S.D. Fla. 1991); *Peasley v. Armstrong World Industries, Inc.*, 128 F.R.D. 681 (S.D. Fla. 1989).

Therefore, it is hereby

**RECOMMENDED** that Plaintiff's Verified Motion For Fees and Costs (DE # 46), be **DENIED as untimely filed**.

The parties will have fourteen days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District

---

[1] The undersigned notes that on December 17, 2009, Plaintiff filed a motion to extend the time from December 21, 2009 to January 11, 2010 to file the stipulation of dismissal with prejudice as to Defendant Moreco (DE # 44).  The District Court subsequently granted this motion (DE # 45).  On January 11, 2010, Plaintiff filed a motion to extend until February 1, 2010 the time to file the stipulation of dismissal with prejudice (DE # 48).  On January 12, 2010, the District Court entered a Notice of Court Practice which stated that the stipulation of dismissal as to Defendant Moreco must be filed by February 1, 2010, or the case would be dismissed (DE # 49), and an Order denying as moot Plaintiff's motion (DE # 50).  On February 1, 2010, Plaintiff filed a motion to extend until February 18, 2010 the time to file the stipulation of dismissal with prejudice (DE # 51).  On February 2, 2010, the District Court granted the motion and extended, until February 18, 2010 the time to file the stipulation of dismissal with prejudice (DE # 52).  Plaintiff's multiple motions for extension to file a stipulation of dismissal demonstrate that he is aware of the need to file a motion to extend a deadline.

Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

 **DONE AND SUBMITTED** in chambers in Miami, Florida, on February 3, 2010.


       *Andrea M. Simonton*
       **ANDREA M. SIMONTON**
       **UNITED STATES MAGISTRATE JUDGE**


**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro,**
 **United States District Judge**
**All counsel of record**

3